UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-21313-CIV-SEITZ/GOODMAN

JUAN C. ELSO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## *AMENDED[1] * ORDER ON JUAN C. ELSO'S MOTION TO DISQUALIFY MAGISTRATE JUDGE

This cause is before me on the Motion To Disqualify Magistrate Judge Pursuant to 28 U.S.C. § 455(a), (b)(1) and (b)(2) of Movant, Juan C. Elso.  (11/04/2010, DE# 42.) Elso moves to disqualify me because he alleges that I represented the Coral Gables Police Department in a civil forfeiture lawsuit concerning $63,000.00 in cash seized from Elso's former client, Andrew Diaz. (*Id.*)  According to the United States' response to Elso's currently pending habeas corpus petition, the circumstances surrounding Elso's efforts as an attorney to assist in the recovery of this money form part of the basis for his conviction.  (DE# 30, p. 148.)

Pursuant to 28 U.S.C. § 455(a)-(b)(1), a "magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where he has "personal knowledge of disputed evidentiary facts concerning the proceeding."

I was appointed to the bench on July 23, 2010, pursuant to Administrative Order 2010-98.  For many years prior to that time, I was in private practice.  For several years, including in 1999, I represented the City of Coral Gables and its Police Department in

---

[1]     The amendment changes only the procedure for assigning the case after recusal.

connection with their role as the coordinators of a multi-agency money laundering task force in *in rem* civil forfeiture lawsuits in state court.

I do not recall either way whether I represented the City of Coral Gables or the task force in connection with the $63,000 mentioned in Elso's motion and the United States' prior submissions in this case. During the years that I represented the task force, I handled more than 225 separate civil forfeiture cases based on cash seizures in money laundering cases. It is therefore possible that I was, in fact, involved in the specific case involving this $63,000.00. Likewise, it is possible that I had conversations with police officers about this seizure even if I did not personally handle the civil forfeiture case. I do not now, however, have any recollection either way about the specific seizure or any discussions about the forfeiture proceeding which apparently flowed from the seizure of the $63,000.00.

Pursuant to 28 U.S.C. § 455(a), I must recuse if an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Moreover, the statute requires me to "satisfy the appearance of justice." *Id.* at 1523. Similarly, "'the very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible.'" *Id.* (emphasis supplied) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

Notwithstanding my lack of recall concerning this case and the uncertainty of whether I was even involved in this specific cash seizure forfeiture case more than 10 years ago, I believe that recusal is warranted to maintain the appearance of justice and to avoid even the appearance of impropriety.

Accordingly, it is hereby ordered that:

(1) Elso's Motion to Disqualify (DE# 42) is granted.

(2) I hereby recuse myself and refer this matter to the Clerk of Court for reassignment back to United States Magistrate Judge Patrick White, who previously was handling the case and who transferred the case to me pursuant to Administrative Order 2010-79.

(3) Pursuant to the practice developed for cases where I have recused after another magistrate judge has transferred a case to me pursuant to Administrative Order 2010-79, Magistrate Judge White is now free to transfer another § 2255 case to me.

ORDERED and ADJUDGED in Chambers, at Miami, Florida, November 5th, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia A. Seitz
All counsel of record
Juan C. Elso, *pro se*