UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21313-CIV-SEITZ

JUAN C. ELSO,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF DISTRICT COURT JUDGE PURSUANT TO 28 U.S.C. §§ 144, 455(a), and (b)(1)

The Movant seeks to recuse Judge Patricia A. Seitz from presiding over his motion to vacate sentence. Almost all the complaints Movant raises are recycled from the arguments he made to disqualify Judge Seitz from his criminal case in 2006. The only new grievances that Movant raises go to Judge Seitz's alleged hostility during trial to him and one of his attorneys. He also complains about Judge Seitz's refusal to allow his children to attend closing argument. The Movant articulates no reason why he could not have filed the recusal motion identifying these complaints shortly after he filed his motion to vacate the sentence in 2007, or at the very least soon after Judge Seitz entered an order in February 2010 lifting the stay in this proceeding. After carefully considering the statutory standards and the case law, the Court concludes that the motion for judicial disqualification and recusal should be denied as untimely and the actions complained about do not rise to the level requiring recusal.

THIS CAUSE came before the Court upon the Movant's Motion for Judicial Disqualification and/or Recusal **(D.E. No. 40)**, filed on **September 13, 2010**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

## I. Background

Movant's recusal motion stems from actions and rulings from Judge Patricia A. Seitz in his 2003 criminal case. In that case, the Movant, Juan Elso, was convicted of money laundering and conspiracy to distribute funds from the sale of cocaine. In 2006, after the Supreme Court denied certiorari of his criminal case, Elso filed various *pro se* motions, one of which was a motion to disqualify Judge Seitz. Judge Seitz denied the motion and the Eleventh Circuit affirmed. *See United States v. Elso*, 571 F.3d 1163 (11th Cir. 2009) (holding that because the criminal case was no longer pending when he filed the motion to recuse, the district court lacked jurisdiction to rule upon the motion).

Elso's motion raises four arguments that were raised in his 2006 pleadings. First, Elso complains about the Court's knowledge of the government's views about Elso's money laundering conduct that led to the charges in this case, as expressed in a motion for anonymous jury that the government filed in *United States v. Salvador Magluta*, Case No. 99-583-CR-SEITZ. Second, Elso complains about the Court's receipt from the government of a chart used to prepare an order summarizing its rulings on an evidentiary issue, which Elso maintains was an improper *ex parte* communication. Third, Elso complains about the Court's receipt of the government's *ex parte* motion to revoke Elso's bond, which Elso also maintains was in improper *ex parte* communication. Fourth, Elso complains about the birthday cake that the Court's staff presented to the Assistant United States Attorney working on the case. Elso's attorneys were present when the staff presented the cake and

although the Court invited all parties, Elso's lead counsel, Mr. Roy Black, concluded that it would not be a good idea for Elso to attend.

There are various other minor arguments Elso raises. He contends the Court evidenced hostility towards him and one of his trial lawyers, Marlene Montaner. As support for this argument, Elso cites the Court's ruling precluding his children from attending closing argument. Given the possibility that the children would be used to gain juror sympathy and the likelihood that the children could interrupt the closing argument, Judge Seitz precluded their presence.

Elso cites various judicial canons that he claims Judge Seitz violated. In particular, he cites Canons 1, 2(A), 3(A)(4), and 3(C). There are no grounds in the motion to support the allegation that Judge Seitz violated these judicial canons.

## II. Legal Standard

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 327 Fed. Appx. 819, 824 (11th Cir. 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000)

## III. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 455*

Section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(1) requires judges to disqualify themselves "where [they] have a personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding." In *Thomas,* the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.
>
> The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Mere friction between the court and counsel, however, is not enough to demonstrate pervasive bias.

*Id.* (internal quotations omitted) (quoting *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000) and *Hamm v. Bd. of Regents,* 708 F.2d 647, 651 (11th Cir. 1983)). Like the Eleventh Circuit in *Thomas*, the Supreme Court explicitly addressed the situation, such as is present in this case, where a party is complaining about a judge's rulings based on her judicial activities in the current or in prior proceedings. The Supreme Court said:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. ... A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration- remain immune.

*Liteky v. United States,* 510 U.S. 540, 555-56 (1994).

Applying these principles to the facts of this case is not difficult. Elso complains about Judge Seitz's rulings on several motions that he filed *pro se*. He also complains that Judge Seitz received improper *ex parte* communications from the Government during the course of his criminal trial. *Id.* ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Those rulings are certainly appealable and do not constitute a basis for a recusal motion.

In particular, Elso contends that his connection to the anonymous jury litigation in the *Magluta* case, Case No. 99-583-CR-Seitz, evinces Judge Seitz's bias. Specifically, on April 15, 2002, the Government filed a renewed motion for anonymous jury in the *Magluta* case, which enumerated Elso as a contact of Salvador Magluta. In ruling on the motion for anonymous jury, Judge Seitz briefly detailed Magluta's contact with Elso, but did not make any judgment as to the merits of the Government's allegations with respect to Elso. Certainly, this information that Judge Seitz received in a prior court proceeding does not rise to the level requiring recusal. Likewise, Judge Seitz's receipt of the motion to revoke bond and the chart summarizing evidentiary rulings were part of her duties as a judge presiding over the case and do not amount to improper communication warranting recusal. *Liteky*, 510 U.S. at 551 ("[T]he judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes . . . necessary to completion of the judge's task. . . Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."); *Christo*, 223 F.3d at 1334 ("The mere fact of having presided over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties.").

Elso also complains about Judge Seitz's hostility to Elso and his trial attorney Marlene Montaner. He complains about her ruling precluding his young children from attending the closing argument given in the criminal trial on his behalf. Finally, he complains Judge Seitz's staff presented a birthday cake to the Assistant United States Attorney when Elso's own attorney attended after a day of trial. For disqualification to be warranted based upon a Court's rulings or comments from the

bench, the rulings or comments must evince "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556; *Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994) (stating that bias must stem from extra-judicial source to justify judicial disqualification).

All of the Elso's complaints consist of judicial rulings and routine trial administration matters. All of them occurred in the course of the judicial proceedings. Elso's favorable sentence, where Judge Seitz reduced Elso's sentence by 50% from the low-end of the guidelines, alone, shows that Elso is not the victim of "deep-seated...antagonism." Accordingly, the Court denies the motion to recuse under 28 U.S.C. § 455(a) and (b)(1).

B. *Motion to Recuse under 28 U.S.C. § 144*

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety. The section requires a party's timely affidavit, which must be submitted along with counsel's additional certification of good faith. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In determining whether recusal is appropriate, therefore, the Court must first determine whether the following three elements have been met: (1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient. *Id.*; *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (*en banc*).

While Elso did make the affidavit, it is not accompanied by a good faith certificate of counsel as required by the statute. Its timeliness is also questionable. Courts have construed the timeliness requirement of 28 U.S.C. § 144 to demand that a party raise the disqualification issue at the earliest moment after discovery of the facts supporting recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding motion for recusal filed weeks after conclusion of trial was untimely, absent a showing of good cause for tardiness). In this case, Judge Seitz lifted the stay in February 2010 and Elso waited until September 8, 2010 to file the motion. Elso has not provided any reason, much less good cause, to show why he waited seven months to file the recusal motion after Judge Seitz lifted the stay in February 2010. Moreover, there is also no reason why Elso did not file the motion to recusal at the time he filed this civil proceeding in May 2007 since the allegations in the motion stem from Judge Seitz's activity and rulings in his criminal proceeding, which were long concluded.

Putting aside the affidavit's untimeliness, the allegations of bias raised in the affidavit are insufficient to warrant recusal. To be legally sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party. *United States v. Spuza*, 194 Fed. Appx. 671, 676 (11th Cir. 2006).

In reviewing the allegations made in Mr. Elso's affidavit and for the reasons stated in the § 455 analysis, the Court again concludes that recusal is improper. Mr. Elso's allegations regarding Judge Seitz's demeanor during trial, her rulings, and her prior judicial dealings regarding Elso, are insufficient to warrant recusal under 28 U.S.C. § 144. Elso has pointed to no actual source of bias and the Court cannot discern any allegation in the affidavit that would be sufficient to warrant recusal. Accordingly, the Court denies the motion to disqualify Judge Seitz under 28 U.S.C. § 144.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of December, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Honorable Patricia A. Seitz
Counsel of Record